■ Felix Zafarani et al., Plaintiffs, v Salton/Maxim Housewares, Inc., et al., Defendants, and Electrical & Electronics, Ltd., Defendant and Third-Party Defendant/Second Third-Party Plaintiff-Appellant, Ketaka Electric Co., Ltd., Defendant and Second Third-Party Defendant-Respondent, and Kencorp Electric, Ltd., Defendant and Second Third-Party Defendant. [795 NYS2d 633]—In an action to recover damages for personal injuries, etc., the defendant and third-party defendant/second third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated March 11, 2004, as granted that branch of the motion of the defendant and second third-party defendant, Ketaka Electric Co., Ltd., which was for summary judgment dismissing the second third-party complaint and any cross claims insofar as asserted against it by the defendant and third-party defendant/second third-party plaintiff on the ground of lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendant and second third-party defendant, Ketaka Electric Co., Ltd., which was for summary judgment dismissing the second third-party complaint and any cross claims insofar as asserted against it by the appellant is denied, with leave to renew upon completion of discovery.

The infant plaintiffs allegedly were injured as a result of the defective condition of a hot water dispenser. The defendant and third-party defendant/second third-party plaintiff, Electrical & Electronics, Ltd. (hereinafter E&E), a Hong Kong corporation, distributed the product in the United States. E&E alleged that the water dispenser was manufactured by the defendant Kencorp Electric, Ltd. (hereinafter Kencorp), also a Hong Kong corporation, and designed by the defendant and second third-party defendant, Ketaka Electric Co., Ltd. (hereinafter Ketaka), which is a Japanese corporation. After issue was joined but prior to discovery, Ketaka moved for summary judgment based upon lack of personal jurisdiction of the New York State courts. The manufacturer Kencorp, which was represented by the same counsel as Ketaka, did not contest jurisdiction.

It is alleged that Kencorp is a wholly-owned subsidiary of Ketaka which is so closely controlled by Ketaka as to subject Ketaka to the jurisdiction of the New York State courts (*see Delagi v Volkswagenwerk AG of Wolfsburg, Germany,* 29 NY2d 426 [1972]; *Porter v LSB Indus.,* 192 AD2d 205, 213 [1993]). In support of its motion for summary judgment, Ketaka submitted the "declaration" of its manager which did not describe its relationship, if any, with Kencorp. Under the circumstances of this case, there should be discovery with respect to the alleged relationship between Ketaka and Kencorp and Ketaka's motion for summary judgment should have been denied with leave to renew upon completion of discovery. S. Miller, J.P., Goldstein, Crane and Lifson, JJ., concur.